**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JAN 30 2002**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

KATHY DAWSON,

      Plaintiff-Appellant,

v.

SPENCER ABRAHAM, Secretary,
Department of Energy, [*]

      Defendant-Appellee.

No. 01-2037
(D.C. No. CIV-99-871-JC/LFG)
(D. N.M.)

ORDER AND JUDGMENT [**]

Before **TACHA** , Chief Judge, **SEYMOUR** , Circuit Judge, and **BRORBY** ,
Senior Circuit Judge.

After examining the briefs and appellate record, this panel has determined

unanimously to grant the parties' request for a decision on the briefs without oral

argument. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore

ordered submitted without oral argument.

---

[*]     Spencer Abraham is substituted for his predecessor, Bill Richardson, as
Secretary of Energy. See Fed. R. App. P. 43(c)(2).

[**]    This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiff Kathy Dawson formerly worked for several years as a senior accountant, GS-14, at the Albuquerque, New Mexico office of defendant Department of Energy (DOE). After a number of job assignments and problems at work, including an equal employment opportunity (EEO) complaint of sex discrimination, plaintiff was assigned in 1998 to a position that, according to her, had no job duties or title and that forced her to report to an employee of a lower grade level. Plaintiff filed EEO charges of retaliation and remained in this position until approximately October 1999, when she arranged her own transfer to a DOE position in Morgantown, West Virginia.

Plaintiff sued defendant, alleging sex discrimination and retaliation for engaging in protected EEO activity, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-16. In her first amended complaint, plaintiff alleged in paragraph 20A-N a series of events at work that formed the basis of her sex discrimination and retaliation claims. See Jt. App. at 24-25. On March 13, 2000, plaintiff stipulated to dismiss the allegations in paragraph 20A-K, however, leaving only the allegations in paragraph 20L-N. See id. at 3 (docket entry 21). As a result, plaintiff's remaining allegations were that:

> L. she was not reassigned back to the Budget and Resources Management Division in March or April of 1997;
>
> M. she has been stripped of her position, duties and responsibilities in retaliation for protected activity;

N. she was required to report to a[n] employee below her GS-14 status.

Id. at 25.

Based on plaintiff's failure to allege that she was treated differently from her male counterparts, the district court dismissed plaintiff's sex discrimination claim. The district court determined that plaintiff's claim that she was forced to report to an employee below her grade level when her supervisor was out of the office was not an adverse action and did not support a retaliation claim. The court concluded that plaintiff had made out a prima facie case of retaliation based on her remaining allegations, but had failed to show that defendant's asserted legitimate reasons for its actions toward her were a pretext for discrimination. The court therefore granted summary judgment to defendant on plaintiff's retaliation claim.

Plaintiff appeals, arguing that: (1) the district court erred in dismissing her claim for retaliation based on protected activity under Title VII; (2) the district court erred in determining that defendant set forth a legitimate non-discriminatory/retaliatory reason for her reassignment in 1998; and (3) if this court finds a legitimate non-discriminatory reason for plaintiff's reassignment, she has proven that the reasons suggested by defendant were pretextual. We have jurisdiction under 28 U.S.C. § 1291.

We review the grant of summary judgment de novo, using the same standard under Fed. R. Civ. P. 56(c) that the district court applied.     Kaul v. Stephan , 83 F.3d 1208, 1212 (10th Cir. 1996).  Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Rule 56(c).

Our only question concerns plaintiff's claim in paragraph 20M that she "has been stripped of her position, duties and responsibilities in retaliation for protected activity."  Jt. App. at 25.  The district court apparently construed this vague assertion as relating to the abolishment of plaintiff's position in the Budget and Resources Management Division.  As determined by the district court, defendant offered a legitimate explanation for that action, which plaintiff did not rebut.  Plaintiff contends, however, that the allegation in paragraph 20M relates to her 1998 transfer to the Contracts and Procurement Division where, according to her, she did not have a job title or duties and responsibilities commensurate with her grade.  Defendant argues that plaintiff's retaliation charge was untimely and the claim is barred.

We reject defendant's challenge on the basis of untimeliness.  Plaintiff's retaliation charge is timely on a continuing violation theory, and she has

-4-

exhausted her administrative remedies on the claim stated in paragraph 20M.    See Bullington v. United Air Lines, Inc.  , 186 F.3d 1301, 1310 (10th Cir. 1999).

With regard to that claim, plaintiff's materials make clear that the job she was referring to in paragraph 20M was her 1998 transfer to the Contracts and Procurement Division, a temporary detail that she claimed went on too long with no particular duties.    See id. at 129-30, 132-34, 137-38.  In response to plaintiff's very specific allegations that she had no job title or duties commensurate with her grade on that job, defendant offered only conclusory evidence from her former supervisors.  Her former first-level supervisor testified that he needed an individual to perform certain duties that he considered to be meaningful work, but did not describe the duties plaintiff was actually asked to perform while working for him.  See id. at 64-65 (Aff. of Robert C. Braden).  The director of the Contracts and Procurement Division at the time plaintiff worked there provided only a conclusory description of part of her job duties.    See id. at 66-67 (Aff. of William C. Meyers).  Defendant has not shown that plaintiff did the work of a GS-14 on her Contracts and Procurement Division job.  Defendant offered no reason to justify plaintiff's lack of duties or title, and there is therefore no reason for this court to reach the issue of pretext.  We remand this claim to the district court for additional proceedings.

With respect to plaintiff's other issues on appeal, we affirm for substantially the same reasons as those set forth in the district court's December 28, 2000 memorandum opinion and order.

The judgment of the United States District Court for the District of New Mexico is AFFIRMED in part and REVERSED in part, and the case is REMANDED to the district court for additional proceedings.

Entered for the Court


Stephanie K. Seymour
Circuit Judge